McDonald, j.
|2On September 27, 2006, Carli Long was injured in an automobile accident and sent to North Oaks Medical Center, where she was treated in the emergency room (ER) by Dr. Michael R. Christner. Ms. Long, who was seven months pregnant, had been pinned in her vehicle and was ultimately diagnosed with a hip fracture. Ms. Long’s obstetrician and gynecologist was Dr. Charles Berry. Dr. Christner consulted by phone with Dr. Berry’s partner, Dr. William G. Black, during her stay *367 in the ER.[1] At 5:06 p.m. an ER nurse caring for Ms. Long charted a fetal heart rate of 120. However, when Ms. Long was admitted to the obstetrics unit at 7:30 p.m. and placed on a fetal heart monitor, no fetal heart rate could be detected. Ms. Long then underwent a cesarean section to deliver the stillborn child.
Ms. Long and Andrew Hollie, the father of the unborn child, filed a complaint with the Patients’ Compensation Fund through the Division of Administration, asserting that the health care providers’ treatment of their unborn child was below the standard of care. The Medical Review Panel rendered a decision, finding that Dr. Black complied with the standard of care in his treatment of the unborn child.[2] Thereafter, Ms. Long and Mr. Hollie filed suit against the North Oaks Medical Center, Dr. Christner, and Dr. Black, asserting a medical malpractice claim against them for their failure to recognize that Ms. Long’s unborn child was in distress following the automobile accident. Ms. Long and Mr. Hollie asserted negligence and wrongful death claims for themselves, as well as a survival action on behalf of their unborn child.
North Oaks Medical Center and Dr. Christner filed a peremptory exception raising the objection of no cause of action for the survival action asserted on behalf |sof the unborn child. Dr. Black also filed a peremptory exception raising the objection of no cause of action for the survival action asserted on behalf of the unborn child. The district court granted the exceptions raising the objections of no cause of action for the survival action. The district court rendered judgment dismissing the claim for the survival action against North Oaks Medical Center and Dr. Christner, and rendered another judgment dismissing the claim for the survival action against Dr. Black. Ms. Long and Mr. Hollie are appealing those two judgments.
Louisiana law clearly does not allow a survival action on behalf of a stillborn fetus. Louisiana Civil Code article 26 provides:
An unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception. If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death.
The issue is squarely addressed further in Wartelle v. Women’s and Children’s Hospital, Inc., 97-0744 (La.12/2/97), 704 So.2d 778, which states:
Our jurisprudence has recognized that the fetus can acquire a cause of action in útero contemporaneous with its tortious injury. However, the cause of action can be pursued only if the fetus is subsequently born alive.
A survival action for damages suffered by a stillborn fetus clearly does not fit within this first exception to the general rule because the stillborn fetus, even though it may have provisionally acquired an action in útero, is not born alive. Because it is born dead, it is as though it had never existed and the cause of action it acquired conditioned on live birth is considered as never having been acquired. A survival action is based on the victim’s right to recovery being transferred upon the victim’s death to the beneficiary. Taylor v. Giddens, 92-3054 (La.5/24/93), 618 So.2d 834. The stillborn fetus cannot transmit *368 any rights, because under the law it acquires none.
Wartelle, 704 So.2d at 781 (footnotes omitted).
|/Thus, for the foregoing reasons, the trial court judgments granting the exceptions raising the objection of no cause of action for the survival action are affirmed. Costs are assessed against Ms. Long and Mr. Hollie.
AFFIRMED.
KUHN, concurs and assigns reasons.

. Apparently Dr. Black was the physician on call for the practice that afternoon.

. The record does not reveal a Medical Review Panel finding as to North Oaks Medical Center and Dr. Christner.